Stephen A. Bernheim
Attorney at Law
512 Bell Street
Edmonds, WA 98020-3147
(425) 712-8318

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLYN KENNY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; ASSOCIATED CREDIT SERVICES, INC.; and THE CORVALLIS CLINIC, P.C.,<br><br>　　　　　　Defendants, | NO. C08-1103-RAJ<br><br>MOTION FOR ORDER VACATING ORDER OF DEFAULT<br><br>**NOTE ON MOTION CALENDAR<br>DECEMBER 11, 2009** |

Defendant Associated Credit Services, Inc. dba Associated Credit Services of Massachusetts, Inc. (hereinafter "Mass/ACS") moves to set aside an order of default *without notice* entered against it. Mass/ACS first learned of entry of order of default against it on October 21, 2009 and now with diligence asks the Court to vacate the judgment and for permission to file the proposed answer, attached hereto.

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss

-1-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

*Grounds.* Pursuant to FRCP 55(c) and 60(b)(1), Mass/ACS asks the Court to vacate the order of default without notice because 1) Mass/ACS was entitled to notice of the motion for default because it had informally appeared by leaving a telephone message with plaintiff's counsel that plaintiff had served the wrong party and to call back if there were any questions; and because 2) good cause to vacate the judgment exists because Mass/ACS has no liability in this case, was served as a result of confusion of corporate names, and thought no further action would be taken against it after leaving a message to this effect with Plaintiff's counsel and hearing nothing further. Thus, the order of default against Mass/ACS should be vacated due to mistake, inadvertence or excusable neglect as per FRCP 60(b)(1).

**FACTS**: Plaintiff Carolyn Kenney claims to have been the victim of improper collection activities. Believing that the present defendant, Associated Credit Services, Inc., a Massachusetts-based company registered to do business in Washington ("Mass/ACS") (UBI # 602 011 767), was the party allegedly committing the collection violations, Kenney served Mass/ACS with a summons and complaint in this action on August 21, 2008.

There is another collection agency in Washington State with a name similar to Mass/ACS's name, specifically Associated Credit Service, Inc., a collection agency based in Spokane, Washington (hereinafter "Spokane Collectors") (UBI # 600 019 846). Mass/ACS and Spokane Collectors are completely unrelated: they were separately established independently on different coasts of the country and have no common governing persons. Declaration of Harumi Tucker Tolbert submitted herewith ("Tolbert Declaration") at

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss

-2-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Case 2:08-cv-01103-RAJ   Document 42   Filed 11/25/09   Page 3 of 9

paragraphs 1 and 2; Affidavit of Stephen A. Bernheim submitted herewith ("Bernheim Affidavit") at page 2, lines 9-11.

Mass/ACS was served with the summons and complaint on August 21, 2008. Andrew Robinson was the president of Mass/ACS who, upon review of the summons and complaint and company records concluded that Mass/ACS was again being confused with Spokane Collectors, the Washington State-based collection agency with whom Mass/ACS was being continually confused. Affidavit of Andrew Robinson submitted herewith ("Robinson Affidavit") at page 2, lines 9-11. It was clear to Robinson that Mass/ACS had nothing to do with this case because Mass/ACS had never attempted to collect against anyone named Carolyn Kenney and had never attempted to collect a debt for the Corvallis Clinic. Id. at lines 11-16.

On August 25, 2008 Robinson notified his Washington registered agent via email that Robinson would notify plaintiff of the confusion. Id. at lines 17-20. Thereafter, Robinson called plaintiff's counsel and left a message on Attorney Keith Karnes's voice mail informing him of his error and inviting him to please call back if he had any questions. Id. at page 2, line 21 through page 3, line 7. After leaving the voice mail message for Mr. Karnes and hearing nothing in reply, id. at page 3, lines 9-11, Mass/ACS did not formally answer the complaint. Robinson never heard from Karnes again until he received a copy of the October 19, 2009 default order entered against Mass/ACS. Id.

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss                                    -3-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Spokane Collectors, not Mass/ACS, has recently been the subject of disciplinary proceedings in Washington State for other collection agency law violations. Tolbert Declaration at paragraph 3.

**ISSUES:**

1. Lack of Notice (FRCP 55(b)(2)): After Mass/ACS left a recorded voice mail message with plaintiff's counsel that plaintiff had served the wrong party and asking him to call back if there were any questions, had Mass/ACS "appeared" in the action and was Kenney required to give notice to Mass/ACS before applying for an order of default? Mass/ACS asserts the answer is "yes."

*2.* Good Cause, Mistake, and Excusable Neglect (FRCP 60(b)(1)): Should a judgment taken by default be set aside when the plaintiff's claim was against the wrong company with a similar name, the summons and complaint were served on the wrong party which has no liability to the plaintiff and no connection whatsoever to the cause of action, and the defendant had left a message with plaintiff's lawyer to tell him that, and invited him to call back if there were any questions? Mass/ACS asserts the answer is "yes."

**ARGUMENT**

**A.      Plaintiff should have given notice of its motion for default.** "[I]n the case of a defaulting party who has entered an appearance, the moving party must give the defaulting

MOTION FOR ORDER VACATING ORDER OF DEFAULT
0910-36 ss
-4-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

party written notice of the requesting party's intention to move for the entry of default at least five judicial days prior to filing its motion." LFRCP 55(a); see also FCRP 55(b)(2).  Here, plaintiff gave no notice of its motion to Mass/ACS.

Failure to provide notice of the motion for order of default under FRCP 55, when required, is a "serious procedural irregularity that usually justifies setting aside a default judgment." *Wilson v. Moore and Assoc.*, 564 F.2d 366, 368 (9th Cir. 1977) (no appearance found where defaulting party who informally disputed liability failed to answer after reply notice from moving party that default would be taken if no answer filed) . Notice is required whenever the defaulting party has made an "appearance." *In re Roxford Foods*, 12 F.3d 875, 879 (9th Cir. 1993) (party's appearance in one action may be inferred from formal appearance in a related action). The appearance requirement may be satisfied by informal contacts between the parties when the party in default demonstrates "a clear purpose to defend the suit." See, e.g., *H.F. Livermore Corp. v. Aktiengesellschaft*, 432 F.2d 689, 691 (D.C.Cir. 1970) (settlement discussions constitute appearance); *Trust Company Bank v. Tingen-Millford Drapery Co.*, 119 F.R.D. 21, 23 (E.D. N.C. 1987) (telephone conversations amount to appearance); *Heleaseco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 914 (D. Del. 1984) (telephone calls amount to an appearance for purposes of FRCP 55).

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss

-5-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Here, defendant appeared sufficiently to receive notice because he left plaintiff's counsel a message that plaintiff had served the wrong party and to call if there were any questions. Mass/ACS clearly disputed the allegations and plaintiff's counsel never followed up on the telephone message to inform Mass/ACS that a default judgment would be taken if the complaint were not answered.

**B. Good cause exists to set aside the judgment on grounds of mistake or excusable neglect.** "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FRCP 55(c). "On motion and just terms, the court may relieve a party … from a final … order … for the following reasons: (1) mistake, inadvertence, … or excusable neglect." FRCP 60(b)(1).

The "good cause" standard that governs vacating an entry of default under Rule 55(c) is generally the same standard that governs vacating a default judgment under Rule 60(b). *Franchise Holding II v. Huntington*, 375 F.3d 922, 925-26 (9th Cir. 2004), *cert. denied,* 544 U.S. 949 (2005). The good cause analysis considers three factors: (1) whether Mass/ACS engaged in culpable conduct that led to default; (2) whether Mass/ACS had a meritorious defense; and (3) whether vacating the default judgment would prejudice plaintiff. *Id.* at 926.

Under FRCP 60(b), the court may also set aside a judgment "on motion and just terms, … for …(1) mistake [or] inadvertence." Although "[t]he different treatment of default

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss

-6-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court ... the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b), including considering whether a defendant has a meritorious defense." *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir.1986). The court is to interpret liberally the grounds set out in Rule 60(b) when considering a motion for relief from an entry of default. *Id.*

When setting aside a default judgment under Rule 60(b), however, the court's discretion is guided by three considerations: 1) Rule 60(b) is remedial in nature and must be liberally applied, 2) default judgments are generally disfavored and cases should be considered on their merits, and 3) any doubt should be resolved in favor of the motion to set aside when a defendant seeks timely relief from default and has a meritorious defense. *Schwab v. Bullocks, Inc.,* 508 F.2d 353, 355 (9th Cir.1974). The court is to apply these factors liberally when considering a motion to set aside an entry of default. *Hawaii Carpenters' Trust,* 794 F.2d at 513. Relief under Rule 60(b) is granted at the discretion of the court. *Trust Company Bank v. Tingen-Millford Drapery Co.*, 119 F.R.D. 21, 23 (E.D. N.C. 1987). FRCP 60(b) should be given "liberal construction" and "any doubt should be resolved in favor of petition to set aside the judgment so that the cases may be decided on their merits." *Tozer v.*

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss

-7-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

*Charles A. Krause Milling*, 189 F.2d 242, 245 (3rd Cir. 1951). Doubts are resolved in favor of removing default judgments because resolution on the merits best serves justice. *Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 917 (D. Del. 1984).

1. <u>Mass/ACS did not formally answer the summons and complaint, but Plaintiff never returned Mass/ACS's telephone message.</u> Though Mass/ACS did not formally answer the complaint and raise its affirmative defenses of mistaken identity and that the conduct of a third party with a similar name was responsible for the conduct alleged in the complaint, Mass/ACS's President Robinson *did* contact plaintiff's counsel by telephone shortly after receiving the summons and complaint to let plaintiff know that he had served the wrong party, and invited a call back if there were any questions. Plaintiff's counsel never returned the call and thereby contributed to the entry of the default judgment against the wrong party.

2. <u>Mass/ACS has a meritorious defense.</u> The second "good cause" element for setting aside a default judgment is that Mass/ACS has a meritorious defense because Mass/ACS never attempted to collect a debt on behalf of the Corvallis Clinic or from Carolyn Kenney. Therefore, Mass/ACS is wholly without any liability to the plaintiff.

3. <u>There is no prejudice to Plaintiff.</u> The third factor in the "good cause" analysis to set aside a default judgment is whether there is prejudice to the defendant. In this case, setting aside the default judgment does not prejudice the defendant because she is still free to pursue her claim against the correct company on the merits.

**CONCLUSION:** In this case, the court should vacate the default judgment 1) so as to

MOTION FOR ORDER
VACATING ORDER OF
DEFAULT
0910-36 ss                                       -8-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

liberally apply the policies protecting litigants from mistakes, here involving mistakes of their adversaries who mis-addressed the summons and complaint as well as its own mistake for failing to respond to and answer the summons and complaint, and 2) to have the controversy settled on the merits rather than upon a default judgment against an innocent party. On just terms, any doubts at this stage should be resolved in Mass/ACS's favor in light of its meritorious defense. A proposed answer to the complaint is attached hereto.

DATED this 24th day of November, 2009.

/s/  Stephen A. Bernheim
Stephen A. Bernheim, WSBA #15225
Attorney for Defendant Associated
Credit Services, Inc.  ("Mass/ACS")

MOTION FOR ORDER VACATING ORDER OF DEFAULT
0910-36 ss

-9-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com