1

2

3

4

5

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8 CAROLYN KENNEY,

9            Plaintiff,

10       v.

11 EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

12

13            Defendants.

CASE NO. C08-1103RAJ

ORDER

14       This matter comes before the court on Plaintiff's motion to amend her complaint.

15 Dkt. # 48.  The court considers the motion on an ex parte basis, because there are no

16 defendants in this action.  The court DENIES the motion for the reasons stated below.

17       The court's most recent order (Dkt. # 46), issued January 4, 2010, dismissed

18 claims against Associated Credit Services, Inc. ("ACS1"), the last remaining Defendant

19 in this action.  The court did so because Plaintiff had not responded to ACS1's contention

20 that it had been erroneously named as a Defendant, and had no role in the collection of

21 the disputed debt in this action.

22       The court also ordered Plaintiff to inform the court whether it should dismiss this

23 action, or whether she intended to pursue Associated Credit Service ("ACS2"), who

24 ACS1 contended was the proper Defendant.  In the event she chose the latter route, the

25 court ordered her to explain why she had not timely moved to amend her complaint and

26 serve ACS2, when the evidence showed she had declined to do so despite notice in

27 August 2008 from ACS1's counsel that she had named the wrong Defendant.

28 ORDER – 1

1
2
3
4
5

Plaintiff has not complied with the court's order.  She admits that she did not respond to ACS1's motion to set aside the default against it, and admits that the fault for doing so was her own.  She contends that it was not proper to dismiss ACS1, but she has not moved for reconsideration of the court's order, and the time to do so has expired.  She is thus mistaken in her belief that ACS1 remains a party to this action.

6
7
8
9
10
11

At the same time, she requests leave to amend to assert claims against ACS2.  She admits that she cannot be certain whether ACS1 or ACS2 is the proper Defendant, and hopes to use the discovery process to unravel that issue.  She does not, however, offer any explanation for why she did not take these steps in August 2008 or shortly thereafter, when counsel for ACS1 informed her of her alleged error.  The court finds no explanation for this lengthy delay, despite ordering her to provide one.

12
13
14
15
16
17
18
19
20
21

The court accordingly rules as follows.  The court DENIES Plaintiff's motion to amend.  Dkt. # 48.  If Plaintiff wishes, she may file a new motion to amend, and she may include both ACS1 and ACS2 as Defendants in her proposed amended complaint.  If she does so, however, she must provide justification for her lengthy delay in responding to evidence that ACS2, not ACS1, was the proper defendant.  If she moves to amend without doing so, the court will deny that motion as well, and will dismiss this action with prejudice.  Plaintiff must file the new motion to amend no later than February 22, 2010.  If she fails to do so, the court will dismiss this action with prejudice for failure to prosecute.  The court has already warned Plaintiff once to either justify her long delay in pursuing this action, or face dismissal.

22

DATED this 9th day of February, 2010.

23
24
25
26

The Honorable Richard A. Jones
United States District Judge

27
28

ORDER – 2